### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **TG--2006 Holdings, LLC,** | Case No. |
| Plaintiff, | Patent Case |
| v. | Jury Trial Demanded |
| **Dropbox, Inc.,** | |
| Defendant. | |

**COMPLAINT FOR PATENT INFRINGEMENT**

1. Plaintiff TG--2006 Holdings, LLC ("Plaintiff"), through its attorneys, complains of Dropbox, Inc. ("Defendant"), and alleges the following:

**PARTIES**

2. Plaintiff TG--2006 Holdings, LLC is a corporation organized and existing under the laws of Texas that maintains its principal place of business at 111 Congress Avenue, Suite 500 Austin Texas 78701.

3. Defendant Dropbox, Inc. is a corporation organized and existing under the laws of Delaware that maintains an established place of business at 501 Congress Ave., Austin, Texas 78701.

**JURISDICTION**

4. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

5. This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over Defendant because it has engaged in systematic and continuous business activities in this District and is incorporated in this District's state. As described below, Defendant has committed acts of patent infringement giving rise to this action within this District.

## VENUE

7. Venue is proper in this District under 28 U.S.C. § 1400(b) because Defendant has an established place of business in this District. In addition, Defendant has committed acts of patent infringement in this District, and Plaintiff has suffered harm in this district.

## PATENTS-IN-SUIT

8. Plaintiff is the assignee of all right, title and interest in United States Patent Nos. 20,180,121,860; 8,583,514; 9,454,741; and 9,805,323 (the "Patents-in-Suit"); including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patents-in-Suit. Accordingly, Plaintiff possesses the exclusive right and standing to prosecute the present action for infringement of the Patents-in-Suit by Defendant.

## THE '860 PATENT

9. The '860 Patent is entitled "Apparatus and method for intra prediction coding/decoding based on adaptive candidate modes," and issued 2019-10-30. The application leading to the '860 Patent was filed on 2018-11-01. A true and correct copy of the '860 Patent is attached hereto as Exhibit 1 and incorporated herein by reference.

## THE '514 PATENT

10. The '514 Patent is entitled "System and method for tracking information in a business environment," and issued 2013-11-12. The application leading to the '514 Patent was filed on 2004-08-13. A true and correct copy of the '514 Patent is attached hereto as Exhibit 2 and incorporated herein by reference.

### THE '741 PATENT

11. The '741 Patent is entitled "System and method for tracking information in a business environment," and issued 2016-09-27. The application leading to the '741 Patent was filed on 2013-11-12. A true and correct copy of the '741 Patent is attached hereto as Exhibit 3 and incorporated herein by reference.

### THE '323 PATENT

12. The '323 Patent is entitled "System and method for tracking information in a business environment," and issued 2017-10-31. The application leading to the '323 Patent was filed on 2016-09-27. A true and correct copy of the '323 Patent is attached hereto as Exhibit 4 and incorporated herein by reference.

### COUNT 1: INFRINGEMENT OF THE '860 PATENT

13. Plaintiff incorporates the above paragraphs herein by reference.

14. **Direct Infringement**. Defendant has been and continues to directly infringe one or more claims of the '860 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringe at least the exemplary claims of the '860 Patent also identified in the charts incorporated into this Count below (the "Exemplary '860 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '860 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

15. Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '860 Patent Claims, by having its employees internally test and use these Exemplary Products.

16. **Actual Knowledge of Infringement**. The service of this Complaint, in conjunction with the attached claim charts and references cited, constitutes actual knowledge of infringement as alleged here.

17. Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '860 Patent. On information and belief, Defendant has also continued to sell the Exemplary Defendant Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '860 Patent. See Exhibit 5 (extensively referencing these materials to demonstrate how they direct end users to commit patent infringement).

18. **Induced Infringement**. At least since being served by this Complaint and corresponding claim charts, Defendant has actively, knowingly, and intentionally continued to induce infringement of the '860 Patent, literally or by the doctrine of equivalents, by selling Exemplary Defendant Products to their customers for use in end-user products in a manner that infringes one or more claims of the '860 Patent.

19. Exhibit 5 includes charts comparing the Exemplary '860 Patent Claims to the Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '860 Patent. Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '860 Patent Claims.

20. Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 5.

21. Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

COUNT 2: INFRINGEMENT OF THE '514 PATENT

22. Plaintiff incorporates the above paragraphs herein by reference.

23. **Direct Infringement**. Defendant has been and continues to directly infringe one or more claims of the '514 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringe at least the exemplary claims of the '514 Patent also identified in the charts incorporated into this Count below (the "Exemplary '514 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '514 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

24. Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '514 Patent Claims, by having its employees internally test and use these Exemplary Products.

25. **Actual Knowledge of Infringement**. The service of this Complaint, in conjunction with the attached claim charts and references cited, constitutes actual knowledge of infringement as alleged here.

26. Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '514 Patent. On

information and belief, Defendant has also continued to sell the Exemplary Defendant Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '514 Patent. See Exhibit 6 (extensively referencing these materials to demonstrate how they direct end users to commit patent infringement).

27. **Induced Infringement**. At least since being served by this Complaint and corresponding claim charts, Defendant has actively, knowingly, and intentionally continued to induce infringement of the '514 Patent, literally or by the doctrine of equivalents, by selling Exemplary Defendant Products to their customers for use in end-user products in a manner that infringes one or more claims of the '514 Patent.

28. Exhibit 6 includes charts comparing the Exemplary '514 Patent Claims to the Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '514 Patent. Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '514 Patent Claims.

29. Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 6.

30. Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

## COUNT 3: INFRINGEMENT OF THE '741 PATENT

31. Plaintiff incorporates the above paragraphs herein by reference.

32. **Direct Infringement**. Defendant directly infringed one or more claims of the '741 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this

Count below (among the "Exemplary Defendant Products") that infringed at least the exemplary method claims of the '741 Patent also identified in the charts incorporated into this Count below (the "Exemplary '741 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringed the claims of the '741 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

33. Defendant also directly infringed, literally or under the doctrine of equivalents, the Exemplary '741 Patent Claims, by having its employees internally test and use these Exemplary Products.

34. Exhibit 7 includes charts comparing the Exemplary '741 Patent Claims to the Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '741 Patent. Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '741 Patent Claims.

35. Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 7.

36. Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

COUNT 4: INFRINGEMENT OF THE '323 PATENT

37. Plaintiff incorporates the above paragraphs herein by reference.

38. **Direct Infringement**. Defendant directly infringed one or more claims of the '323 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringed at least the exemplary method claims of the '323 Patent also identified in the charts incorporated into this Count below

(the "Exemplary '323 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringed the claims of the '323 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

39. Defendant also directly infringed, literally or under the doctrine of equivalents, the Exemplary '323 Patent Claims, by having its employees internally test and use these Exemplary Products.

40. Exhibit 8 includes charts comparing the Exemplary '323 Patent Claims to the Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '323 Patent. Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '323 Patent Claims.

41. Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 8.

42. Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

## JURY DEMAND

43. Under Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

A. A judgment that the '860 Patent is valid and enforceable

B. A judgment that Defendant has infringed directly and indirectly one or more claims of the '860 Patent;

C. A judgment that the '514 Patent is valid and enforceable

D.     A judgment that Defendant has infringed directly and indirectly one or more claims of the '514 Patent;

E.     A judgment that the '741 Patent is valid and enforceable

F.     A judgment that Defendant has infringed directly one or more claims of the '741 Patent;

G.     A judgment that the '323 Patent is valid and enforceable

H.     A judgment that Defendant has infringed directly one or more claims of the '323 Patent;

I.     An accounting of all damages not presented at trial;

J.     A judgment that awards Plaintiff all appropriate damages under 35 U.S.C. § 284 for Defendant's continuing or future infringement, up until the date such judgment is entered with respect to the '860; and '514 Patents, including pre- or post-judgment interest, costs, and disbursements as justified under 35 U.S.C. § 284;

K.     A judgment that awards Plaintiff all appropriate damages under 35 U.S.C. § 284 for Defendant's past infringement at least with respect to the '741; and '323 Patents.

L.     And, if necessary, to adequately compensate Plaintiff for Defendant's infringement, an accounting:

    i.     that this case be declared exceptional within the meaning of 35 U.S.C. § 285 and that Plaintiff be awarded its reasonable attorneys fees against Defendant that it incurs in prosecuting this action;

    ii.     that Plaintiff be awarded costs, and expenses that it incurs in prosecuting this action; and

iii. that Plaintiff be awarded such further relief at law or in equity as the Court deems just and proper.

Dated: March 11, 2025                    Respectfully submitted,

/s/ Antranig Garibian (DE Bar No. 4962)
Antranig Garibian (DE Bar No. 4962)
Garibian Law Offices, P.C.
1523 Concord Pike, Suite 400
Wilmington, DE 19803
(302) 722-6885
ag@garibianlaw.com

Isaac Rabicoff
Rabicoff Law LLC
(*Pro hac vice* application forthcoming)
4311 N Ravenswood Ave Suite 315
Chicago, IL 60613
7736694590
isaac@rabilaw.com

**Counsel for Plaintiff
TG--2006 Holdings, LLC**